Judge Underwood,
. delivered the opinion of the court.
The executor of Pope recovered a judgment against Bland, for the hire of a slave, in an action of assumpsit. Bland injoined it, alleging that there was an “understanding that nothing was to be paid for said negro after the first year, unless the testator should need a little money for his son William, in which event the testator expected it from Bland.” The bill also *596 charges, that shortly before the death of the teslato., he drew an order in favor of his son William, on Planet, who was the son-in-law of the testator, for $>75, in commonwealth’s paper, stating it was all Bland owed. The bill admits that Bland was to pay $80 per year, in commonwealth’s paper, if it was claimed; and that ho had the use of the slave a year and ten months, after the expiration of the first year’s hire, for which $100 in commonwealth’s paper were paid. The judgment was for $200 specie, and was replevied for two years. The bill alleges, that since the judgment was obtained, the complainant has discovered that he could prove the foregoing allegations; yet, the executor refused to allow any credit and to accept any thing but specie in discharge of the demand. Wherefore, the complainant asked for a perpetuation of the injunction for the whole amount of thejudgment, except the value of the $75, for which the order was drawn, or a new trial.
Application to ..the. chancellor for .a new trial on accounl.of discovery cf facts since the trial, ought to show clearly the materiality of the factsdiscovgrr ed in relation to the trial at law,, and that they ought, if proved;, to have produced a different yerclic.t.,
Owsley, for appellant; Jhulcrson, for appellee,,.
The court dissolved the injunction with damages, and dismissed the bill with costs, and we think correctly. It appears from the record of the suit at law, that Bland relied on the trial upon the plea of non-assumpsit. His bill does not stale what was proved upon the trial.
We have no means, either from the allegations of the bill or from the depositions filed in this suit, of determining what effect the evidence now furnished would have had, or ought to have had upon the minds of the jury. The party appealing to the chancellor for anew trial, should show clearly that such new trial would be availing. If he fails to do so, the chancellor ought not to interpose. Bland has failed; see McDaniel, &c. vs. Will, &c., II Bibb, 552.
■ Decree affirmed with costs and damages on the damages decreed below.